**EXHIBIT 1**

SERVED AT WORLD
HEADQUARTERS - OGC

APR 1 2011

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

FORD MOTOR COMPANY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GENE EDWARDS, on behalf of herself and all others similarly situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* Superior Court of San Diego <br><br> Central Courthouse <br> 220 West Broadway, San Diego, California 92101 | **CASE NUMBER:** <br> *(Número del Caso):* <br> 37-2011-00089707-CU-BT-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric H. Gibbs, 601 California Street, 14th Floor, San Francisco, California 94108 Telephone: (415) 981-4800

| DATE: April 15, 2011 <br> *(Fecha)*    APR 15 2011 | Clerk, by   A. GUTIERREZ | , Deputy |
|---|---|---|
| | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

LITIGATION PRACTICE GROUP
'11 APR 18 P4
OFFICE OF THE GENERAL COUNSEL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

*Page 1 of 1*

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |
|---|---|---|

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Eric H. Gibbs (State Bar No. 178658)
Girard Gibbs LLP
601 California Street, 14th Floor
San Francisco, California 94108
TELEPHONE NO.: (415) 981-4800     FAX NO.: (415) 981-4846
ATTORNEY FOR *(Name):* Plaintiff Gene Edwards

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 220 West Broadway
MAILING ADDRESS: 220 West Broadway
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME: Central Courthouse

**CASE NAME:**
Gene Edwards v. Ford Motor Company

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 37-2011-00089707-CU-BT-CTL |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[✓] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 2
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 15, 2011
Eric H. Gibbs
_____
(TYPE OR PRINT NAME)     ► _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

1  Eric H. Gibbs (State Bar No. 178658)
   Geoffrey A. Munroe (State Bar No. 228590)
2  David Stein (State Bar No. 257465)
   Amy M. Zeman (State Bar No. 273100)
3  **GIRARD GIBBS LLP**
4  601 California Street, 14th Floor
   San Francisco, California 94104
5  Telephone: (415) 981-4800
6  Facsimile: (415) 981-4846
   E-mail: ehg@girardgibbs.com
7
8  Michael F. Ram (State Bar No. 104805)
   **RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP**
9  555 Montgomery Street, Suite 820
   San Francisco, CA 94111
10 Telephone: (415) 433-4949
   Facsimile: (415) 433-7311
11 E-mail: mram@ramolson.com
12
   Attorneys for Plaintiff
13

14             **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
15                   **FOR THE COUNTY OF SAN DIEGO**
16
   GENE EDWARDS, on behalf of herself and all          Case No. __37-2011-00089707-CU-BT-CTL__
17 others similarly situated,
18                                                       **CLASS ACTION COMPLAINT FOR:**
                 Plaintiff,
19        vs.                                            1)  **Violation of Consumers Legal Remedies
                                                             Act, Civ. Code § 1750 *et seq.***
20 FORD MOTOR COMPANY,
                                                         2)  **Violation of Unfair Competition Law,
21               Defendant.                                  Bus. & Prof. Code § 17200 *et seq.***
22
23
24
25
26
27
28

──────────────────────────────────────────────
                    CLASS ACTION COMPLAINT

## NATURE OF THE CASE

1.     Plaintiff Gene Edwards owns a 2006 Ford Freestyle vehicle that has repeatedly surged forward and stalled while her foot was on the brake and she was bringing the vehicle to a stop. Fearing that her surging vehicle would injure someone, Ms. Edwards took her Freestyle to a Ford dealership which replaced the vehicle's electronic throttle body under warranty. About two years later, the surging returned and the electronic throttle body was again replaced, this time at a charge of over $900.

2.     Plaintiff has since learned that the problems she experienced with her vehicle are widespread and the result of a safety defect in 2005-2007 Ford Freestyle vehicles that was known by Ford but not disclosed to its customers. Over 500 Freestyle owners have specifically sought out the National Highway Traffic Safety Administration (NHTSA) and lodged complaints—an unusually high number of government complaints for any automotive safety issue. The complaints reflect Freestyle owners' concerns for their safety, with several reporting accidents and near-accidents, as well as the inefficacy of repairs completed at Ford dealerships.

3.     Defendant Ford Motor Company has known about the safety defect in its Freestyle vehicles since at least 2005, when the company issued internal service bulletins referencing the symptoms and instructing its dealerships to respond by replacing the electronic throttle body. But Ford nonetheless continued selling and servicing 2005-2007 Freestyle vehicles without ever informing its customers of the recurring defect or its attendant safety risks.

4.     Plaintiff thus brings this lawsuit under California's Consumers Legal Remedies Act and Unfair Competition Law to require Ford to notify its customers and prospective customers of the defect and to reimburse Freestyle owners for the costs of their repairs.

## PARTIES

5.     Plaintiff Gene Edwards is a citizen and resident of Escondido, California.

6.     Defendant Ford Motor Company is a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford manufactures, distributes for sale, and warrants the vehicles at issue in this Complaint.

CLASS ACTION COMPLAINT

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this action under Code of Civil Procedure section 410.10 and Article VI, section 10 of the California Constitution.

8.     Venue is proper in this Court under Code of Civil Procedure section 395(b) because this action arises from the provision of goods, namely Plaintiff's Ford Freestyle vehicle, intended for personal, family or household use, and Plaintiff resided in this county at the time of purchase and currently resides in this county.

## SUBSTANTIVE ALLEGATIONS

9.     Starting with the 2005 model year, Ford began manufacturing, marketing, and selling the Freestyle crossover vehicle. The Freestyle combines the attributes of a car and an SUV and was marketed to young families. Ford manufactured and sold over 150,000 Freestyle vehicles.

### The Defect in Ford Freestyle Vehicles

10.     The 2005-2007 Ford Freestyle vehicles suffer from a defect that causes uncontrolled surging and results in the engine stalling or going into "failsafe mode." Failsafe mode, also referred to as "limp home" mode, limits the vehicle's engine power and speed, allowing only enough so that the vehicle can be driven to a safe stopping point.

11.     Surging can occur whenever the vehicle's engine is turned on, including at low speeds, such as when parking or approaching a stop, at highway speeds, and even at complete stops. After surging and stalling, Freestyle vehicles will often display the "wrench" warning indicator light, the malfunction indicator lamp, or "ETC-Engine failsafe mode" in the in-dash message center. Many Freestyle vehicles began surging and stalling shortly after the expiration of Ford's standard three year or 36,000 mile warranty, though some have begun with as few as 20,000 miles.

12.     Numerous Freestyle owners have described their surging and stalling problems to NHTSA, a few of which are excerpted below:

- 2005 Ford Freestyle lunges forward when placed in gear and sometimes when sitting at a stop sign or traffic light. Also lunges backward when in reverse.

- My 2005 Ford Freestyle will accelerate without any driver action and will die after accelerating. This occurs several times per month.

- 2005 Ford Freestyle SE, self accelerating and lunges forward on its own (when foot is on brake) and displays "fail safe mode on dash", vehicle shuts down-mostly when going in reverse. Just bought vehicle from dealership approx 3 weeks ago.

- The contact owns a 2007 ford Freestyle. While stopped at a stop light or stop sign with the brake pedal depressed, the vehicle revs and jerks forward. In addition, when the vehicle is placed into reverse and the brake pedal is depressed, the vehicle revs and jerks backwards. The current mileage is 26,099 and failure mileage is 22,000.

**The Defect Poses An Unreasonable Safety Risk**

13. The defect in 2005-2007 Freestyle vehicles poses an unreasonable safety risk for class members as well as the drivers, passengers, and pedestrians who share the road. The surging and stalling that result from the defect greatly increase the risk of collision and impede the driver's ability to safely maneuver the vehicle.

14. Freestyle drivers have reported hitting other vehicles, walls, fences and poles when their vehicles uncontrollably surged:

- I have a 2006 Freestyle that lunges when you put it in gear. Hit a car backing up in a parking lot. Can't afford to have it repaired I'm unemployed.

- The contact owns a 2006 Ford Freestyle. The contact stated that while driving, the vehicle suddenly accelerated and crashed into a wall.

- I currently own a 2005 Ford Freestyle and numerous times it has lunged when I was in a stopping position in many occasions. When I am in the car and in drive with the brakes on the car will instantly rev up and move forward. One occasion I was at a drive thru and the vehicle actually hit a pole in the drive threw. Another time, my wife was walking around the front of the car and the car lunged forward and hit my wife. This is a very dangerous problem.

- The contact owns a 2005 Ford Freestyle. The contact stated while reversing from a residential driveway at a relatively low speed, the vehicle abnormally accelerated and crashed into a fence post.

- The contact owns a 2007 Ford Freestyle. The contact stated while entering a residential garage at 2 mph, the vehicle abnormally accelerated and she crashed into the rear wall of the garage of the residence. There was substantial damage done to the interior of the home and the contact barely missed hitting the retaining wall. The dealer inspected the vehicle and stated that the throttle body was causing the failure.

15. Other drivers have reported near-misses when their surging Freestyle vehicles almost collided with children, pedestrians and other vehicles:

- I own a 2005 Ford Freestyle AWD with a 3.0l v6. I have had to park my vehicle as it has become unsafe for my family to use. While driving at slow speeds the vehicle will abruptly surge in drive or reverse. Now when this happens the vehicle dies where ever it occurs. I have kept the vehicle from hitting other cars multiple times and yesterday was the final straw. I almost hit a kid at my child's school. Waiting in line to pick up my children from school the car surged so bad that the breaks would not stop it. I had to throw it into park.
- My 2005 Ford Freestyle with 45,000 miles kept surging forward. It happened twice in 2 months when I was alone. This past July I picked my grandchildren up at camp sure enough it did it again almost striking a child in the parking lot.

- 06/05/08 during idle vehicle lunges forward, must exert extreme pressure on brake to prevent accident. Wrench light will illuminate on the instrument panel and fail safe engine mode will be displayed. Vehicle will then fail to accelerate when throttle applied but then lunges forward again when throttle released. Very dangerous-almost struck pedestrian! This has occurred several times but vehicle will reset after engine is turned off and restarted. . . . Occurred again on 8/3/08 . . . . Taken to dealership-diagnostic test show it to be throttle body problem.

- Our 2007 Ford Freestyle accelerates suddenly; this behavior is worse when the a/c is on and the car is in reverse. The feeling is of flooring the accelerator; if it had not been for me already having my foot on the brake, I would have had a collision with the car behind me.

16.     Many other Freestyle drivers expressed concerns about the safety of passengers, pedestrians and other drivers sharing the road:

- I have a 2006 Ford Freestyle the throttle body has gone bad and it cause the car to lunge out of control. This could be a problem as it lunges about a foot or two and you could easily hit a person or car or some other object.

- Surging /lunging of car even while pressing brakes as hard as possible. Occurs quite frequently. Have not repaired yet, will not let wife or daughter drive until I get it fixed.

- 2007 Ford Freestyle surges even when pushing the brake. Mainly does it when backing up but has done it on other occasions. Took to Ford dealer told throttle body is bad. After searching online I find that this is a common problem. This is dangerous because the car accelerates and surges forward or backward without warning when this happens. Was told it would cost over $600 to replace part. I have two young children and feel unsafe driving this car and feel others who own the car should be made aware of this problem.

17.     To date, over 500 Ford Freestyle owners and lessees have taken the time to seek out NHTSA and lodge a complaint. This is an unusually high number for any automobile safety issue and reflects the severity of the safety risk.

4

CLASS ACTION COMPLAINT

**Ford Has Failed To Disclose Or Correct The Defect**

18. The surging and stalling problems in Freestyle vehicles are a result of a defective electronic throttle control (ETC), that Ford installed in its 2005-2007 Freestyle, consisting of an electronic throttle body, powertrain control module (PCM), the gas pedal assembly, sensors, and associated wiring.

19. In other words, whereas a traditional accelerator system directly connects the gas pedal to the throttle through cables, Ford's ETC system uses computers, sensors, and electronic wiring to control acceleration. Ford recognized that safety is a major concern with ETC systems (as they make acceleration dependent on complex electronics rather than simple mechanics), but nonetheless introduced it into the Freestyle to improve the vehicle's fuel economy, and thus its market position.

20. Ford has known that the Freestyle's ETC system was defective since at least 2005. As early as April 2005, Ford was issuing Technical Service Bulletins (TSBs) to its dealer service departments referencing acceleration problems in Freestyle vehicles, and by December 2005, Ford was directing the service departments to reprogram the PCM and replace the electronic throttle body in Freestyle vehicles—a repair that may temporarily stop the surging and stalling but, because it does not correct the underlying defect, exposes Freestyle owners to the same safety risks in the future.

21. Ford also had knowledge of the defect through standard pre-release testing, which because surging and stalling occurs relatively early in the vehicles' life, would have revealed the defect. In addition, Ford had access to aggregate warranty repair data, customer complaint data, and replacement part sales data revealing that surging and stalling in Freestyle vehicles is a serious and widespread problem.

22. Despite its knowledge of the widespread ETC defect in its Freestyle vehicles, Ford continued to sell and service 2005-2007 Freestyle vehicles and did so without informing its customers and prospective customers of the defect and its attendant safety risks. Ford also continues to replace defective ETC parts with equally defective parts that may temporarily alleviate the surging and stalling but do not correct the underlying defect and continue to expose Freestyle customers to the same unreasonable safety risk. Ford often charges Freestyle owners over $500 for these inadequate ETC repairs and does not inform Freestyle owners that the surging and stalling is a widespread problem that,

because of the uncorrected underlying defect in the ETC, may return in the future.

## PLAINTIFF'S EXPERIENCE

**Plaintiff Gene Edwards**

23.     Plaintiff Gene Edwards purchased a used 2006 Ford Freestyle from the Bob Baker Ford dealership in San Diego, California in October 2006.

24.     In June 2008, Ms. Edwards's Freestyle began to surge as far as two or three feet while driven at low speeds and also while at a complete stop, revving loudly and subsequently stalling.

25.     Concerned, Ms. Edwards took her Freestyle to Perry Ford in Poway, California. The Ford dealership told Ms. Edwards that the problem was uncommon and did not mention any service bulletins before reprogramming her Freestyle's PCM and replacing the throttle body under warranty.

26.     Despite the PCM reprogramming and throttle body replacement, Ms. Edwards's Freestyle began surging again in July 2010. As her car was no longer under warranty, Ms. Edwards paid over $900 to replace the throttle.

27.     Ms. Edwards is concerned that someone could have been hurt when her car surged and could still be hurt in the future, and would not have bought her Ford Freestyle had she known the vehicle presented such a significant safety risk.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action on behalf of herself and a class of persons initially defined as follows:

> All persons in California who own or lease a 2005-2007 Ford Freestyle, and all persons in California who previously owned or leased a 2005-2007 Ford Freestyle and paid for repairs to the vehicle's Electronic Throttle Control.

Excluded from the Class are Ford; any affiliate, parent, or subsidiary of Ford; any entity in which Ford has a controlling interest; any officer, director, or employee of Ford; any successor or assign of Ford; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

29.     Numerosity. Ford sold over 150,000 class vehicles, including a substantial portion in California. Members of the class thus number in the thousands and are too numerous to practically join

1 | in a single action.

2 |       30.   Commonality. Common questions of law and fact exist as to all members of the class

3 | and predominate over questions affecting only individual class members. These common questions

4 | include the following:

5 |            a.     whether class vehicles suffer from a defect that causes surging and stalling;

6 |            b.     whether the defect constitutes an unreasonable safety risk;

7 |            c.     whether Ford knows about the defect and, if so, how long Ford has known of the

8 |                 defect;

9 |            d.     whether the existence of the defect would be considered a material fact by a

10 |                 reasonable consumer;

11 |            e.     whether Ford was or is legally obligated to disclose the defect to Plaintiff and

12 |                 Class members;

13 |            f.     whether Ford's failure to disclose the defect violates California's Consumers

14 |                 Legal Remedies Act or Unfair Competition Law; and

15 |            g.     whether Plaintiff and the other class members are entitled to be notified of the

16 |                 defect and/or receive reimbursement for ETC repairs;

17 |       31.   Typicality. Plaintiff's claims are typical of the claims of the class, because, among other

18 | things, Plaintiff purchased a class vehicle which contains the same defect found in all other class

19 | vehicles.

20 |       32.   Adequacy. Plaintiff is an adequate representative because her interests align with those

21 | of the class members she seeks to represent. Plaintiff has retained counsel competent and experienced in

22 | complex class action litigation and intends to prosecute this action vigorously on behalf of the class.

23 |       33.   Superiority. The class action is superior to other available means for the fair and efficient

24 | adjudication of this dispute. The injury suffered by each class member, while meaningful on an

25 | individual basis, is not of such magnitude as to make the prosecution of individual actions against Ford

26 | economically feasible. In addition, individualized litigation presents a potential for inconsistent or

27 | contradictory judgments and increases the delay and expense to all parties and the court system. By

28 | contrast, the class action device presents far fewer management difficulties and provides the benefits of

CLASS ACTION COMPLAINT

single adjudication, economy of scale, and comprehensive supervision by a single court. Furthermore, Ford has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the members of the class as a whole.

## FIRST CAUSE OF ACTION
### (Violation of the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*)

34.     Plaintiff, on behalf of herself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

35.     Ford has violated the Consumers Legal Remedies Act (CLRA), California Civil Code section 1770(a)(5) and (7) by engaging in unfair methods of competition and unfair and deceptive acts and practices in connection with transactions—namely, the sale of Ford Freestyle vehicles and subsequent repairs—that are intended to result and have resulted in the sale and lease of goods and services to consumers.

36.     In connection with the sale of Freestyle vehicles to Plaintiff and class members and repairs paid for by Plaintiff and class members, Ford omitted material information about a known safety defect that it was legally obligated to disclose. Ford did not inform and has never informed Plaintiff or class members that Ford Freestyle vehicles suffer from a defect that causes uncontrolled surging and stalling. Ford has also failed to disclose that ETC repairs do not correct the defect and likewise result in an unreasonable safety risk.

37.     The defect in Ford Freestyle vehicles poses an unreasonable safety risk to consumers and other members of the public with whom they share the road. Ford had exclusive knowledge of the defect and has actively concealed it from consumers.

38.     The existence of the defect in Freestyle vehicles is a fact that a reasonable consumer deciding whether to purchase a vehicle would consider material. The existence of the defect in the replacement parts provided by Ford is likewise a fact that a reasonable consumer deciding how to deal with a malfunctioning vehicle would consider material.

39.     Had Ford adequately disclosed material information about the defect and its attendant safety risks, Plaintiff and class members would not have purchased class vehicles and would not have paid for inadequate ETC repairs.

8

CLASS ACTION COMPLAINT

40.     On March 1, 2011, Plaintiff Edwards notified Ford in writing that it is in violation of the CLRA and demanded that Ford remedy the violations. Ford has not responded to Plaintiff's notice and demand.

41.     Pursuant to the provisions of California Civil Code § 1780, Plaintiff seeks an order requiring Ford to inform class members of the defect and unreasonable safety risk in 2005-2007 Freestyle vehicles; a declaration that Ford's conduct violates the Consumers Legal Remedies Act; an award of damages; and attorneys' fees and costs of litigation.

**SECOND CAUSE OF ACTION**
**(Violation of the Unfair Competition Law,**
**Bus. & Prof. Code section 17200 *et seq*.)**

42.     Plaintiff, on behalf of herself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

43.     Ford has violated and continues to violate the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., which prohibits unlawful, unfair, or fraudulent acts or practices.

44.     Ford's acts and practices, as alleged in this complaint, constitute unlawful practices in that they violate the Consumers Legal Remedies Act.

45.     Ford's acts and practices, as alleged in this complaint, constitute fraudulent practices in that they are likely to deceive a reasonable consumer. A reasonable consumer expects or assumes that automobiles sold by Ford do not suffer from known safety issues and would be deceived by Ford's failure to disclose that 2005-2007 Freestyle vehicles suffer from a defect that causes uncontrolled surging and stalling. A reasonable consumer also expects or assumes that Ford's prescribed repair procedures correct the underlying problem and would be deceived by Ford's practice of prescribing repair procedures that do not correct the Freestyle's ETC defect and expose them to further uncontrolled surging and stalling in the future.

46.     Ford's acts and practices, as alleged in this complaint, constitute unfair practices in that (i) they are unethical, unscrupulous, and substantially injurious to consumers; (ii) any legitimate utility of Ford's conduct is outweighed by the harm to consumers; (iii) the injury is not one that consumers reasonably could have avoided; and/or (iv) the conduct runs afoul of the public safety policy embodied in the Highway Safety Act and the policies underlying the CLRA, which seeks to protect consumers

1  against unfair and sharp business practices and to promote a basic level of honesty and reliability in the

2  marketplace. It is fundamentally unfair for Ford to sell vehicles with known safety defects, for Ford not

3  to notify consumers of the safety defects, and for Ford to prescribe repair procedures that do not

4  permanently correct the safety defect, exposing consumers to the same unreasonable safety risks in the

5  future.

6      47.     As a result of Ford's unlawful, unfair, and fraudulent business practices as alleged herein,

7  Plaintiff has suffered injury in fact and lost money or property, in that she purchased a class vehicle she

8  otherwise would not have, paid for inadequate repairs, and is left with a vehicle of diminished value and

9  utility because of the safety defect.

10      48.     Plaintiff and class members are entitled to equitable relief, including restitution of all

11  revenue accruing to Ford because of its unlawful, unfair and fraudulent practices; attorneys' fees and

12  costs; declaratory relief; and a permanent injunction enjoining Ford from its unlawful, unfair, and

13  fraudulent activity

14                                        **PRAYER**

15      WHEREFORE, Plaintiff, on her own behalf and on behalf of the class, prays for judgment as

16  follows:

17      a.     For an order certifying the proposed class and appointing Plaintiff and her counsel to

18            represent the class;

19      b.     For an order requiring Ford to disclose the defect and associated safety risks in 2005-

20            2007 Freestyle vehicles to all existing and prospective Freestyle owners and lessees;

21      c.     For an award of appropriate damages or restitution to Plaintiff and class members;

22      d.     For an order enjoining Ford from continuing to engage in unlawful business practices, as

23            alleged herein;

24      e.     For an order awarding Plaintiff and the members of the class pre-judgment and post-

25            judgment interest;

26      f.     For an order awarding Plaintiff and the members of the class reasonable attorneys' fees

27            and costs of suit, including expert witness fees; and

28      g.     For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 15, 2011

Respectfully Submitted

**GIRARD GIBBS LLP**

By: _____
Eric H. Gibbs

Geoffrey A. Munroe
David Stein
Amy M. Zeman
601 California Street, 14th Floor
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Michael F. Ram
**RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 433-4949
Facsimile: (415) 433-7311

Attorneys for Plaintiff

CLASS ACTION COMPLAINT

1   Eric H. Gibbs (State Bar No. 178658)
    Geoffrey A. Munroe (State Bar No. 228590)
2   David Stein (State Bar No. 257465)
    Amy M. Zeman (State Bar No. 273100)
3   **GIRARD GIBBS LLP**
4   601 California Street, 14th Floor
    San Francisco, California 94104
5   Telephone: (415) 981-4800
6   Facsimile: (415) 981-4846
    E-mail: ehg@girardgibbs.com
7
8   Michael F. Ram (State Bar No. 104805)
    **RAM, OLSON, CEREGHINO & KOPCZYNSKI LLP**
9   555 Montgomery Street, Suite 820
    San Francisco, CA 94111
10  Telephone: (415) 433-4949
11  Facsimile: (415) 433-7311
    E-mail: mram@ramolson.com
12
    Attorneys for Plaintiff
13
14              **SUPERIOR COURT FOR THE STATE OF CALIFORNIA**
15                     **FOR THE COUNTY OF SAN DIEGO**
16
    GENE EDWARDS, on behalf of herself and all      Case No.
17  others similarly situated,                                **37-2011-00089707-CU-BT-CTL**

18                      Plaintiff,              **DECLARATION OF PLAINTIFF'S**
                                               **COUNSEL PURSUANT TO CALIFORNIA**
19          vs.                                **CIVIL CODE SECTION 1780(d)**

20  FORD MOTOR COMPANY,

21                      Defendant.

22

23

24

25

26

27

28

---

DEC. OF PLAINTIFF'S COUNSEL PURSUANT TO CALIFORNIA CIVIL CODE SECTION 1780(d)

1    I, Eric H. Gibbs, declare as follows:

2        1.    I am a partner with Girard Gibbs LLP, counsel for Plaintiff in this action. I have personal

3    knowledge of the facts stated herein and, if called upon to do so, could and would testify competently

4    thereto.

5        2.    I submit this declaration on behalf of Plaintiff and in support of Plaintiff's Class Action

6    Complaint, which is based in part on violations of the Consumers Legal Remedies Act, California Civil

7    Code §§ 1750 *et seq.*

8        3.    Plaintiff filed the Class Action Complaint in the County of San Diego Superior Court of

9    California. San Diego County is the appropriate location for this litigation because Defendant Ford

10   Motor Company does business in, and the transactions alleged in the Complaint occurred in, San Diego

11   County.

12       I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15,

13   2011, at San Francisco, California.

Eric H. Gibbs

1

2011 MAY 12 PM 2: 46

1 | AMIR NASSIHI (SBN 235936)
NAOKI KANEKO (SBN 252285)
2 | Shook, Hardy & Bacon, LLP
One Montgomery, Suite 2700
3 | San Francisco, CA 94104
Telephone:   415.544.1900
4 | Facsimile:   415.391.0281

5 | Attorneys for Defendant
FORD MOTOR COMPANY

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SAN DIEGO                **VIA FAX**

10

11 | GENE EDWARDS, on behalf of herself and all        Case No. 37-2011-00089707-CU-BT-CTL
others similarly situated,
12
                 Plaintiff,
13                                                    **DEFENDANT FORD MOTOR COMPANY'S
                                                     ANSWER TO COMPLAINT**
14      vs.

15 | FORD MOTOR COMPANY,

16                 Defendant.

17

18      Under the provisions of Section 431.30 of the Code of Civil Procedure, Defendant Ford

19 | Motor Company denies all of the allegations in the Complaint, and each cause of action, and further

20 | denies that Plaintiff sustained damages alleged, or at all.

21                        **FIRST AFFIRMATIVE DEFENSE**

22      1.      Plaintiff's Complaint fails to state a claim against Ford upon which relief can be

23 | granted.

24                       **SECOND AFFIRMATIVE DEFENSE**

25      2.      Plaintiff's claims are barred by the applicable statutes of limitations and repose.

26                        **THIRD AFFIRMATIVE DEFENSE**

27      3.      The negligence, fault, or carelessness of Plaintiff and the putative class members was

28 | the sole, intervening, or superseding cause of their alleged damages and therefore, any recovery by

207114 V1

1 | Plaintiff or the putative class members is barred or diminished pursuant to the applicable laws;
2 | including but not limited to, more specifically, (1) the failure to use the product as reasonably
3 | anticipated by the manufacturer, and (2) the use of the product for a purpose not intended by the
4 | manufacturer.

### FOURTH AFFIRMATIVE DEFENSE

6 | 4. The negligence, fault, or carelessness of other persons or entities caused or
7 | contributed to Plaintiff's alleged damages and therefore, any recovery by Plaintiff is barred or
8 | diminished in proportion to the amount of negligence, fault, or carelessness attributable to such
9 | persons or entities.

### FIFTH AFFIRMATIVE DEFENSE

11 | 5. Plaintiff and putative class members' claims are barred, in whole or in part, by
12 | settlement or accord and satisfaction of their claims.

### SIXTH AFFIRMATIVE DEFENSE

14 | 6. Plaintiff's claims for equitable relief are barred due to the existence of adequate
15 | remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

17 | 7. Plaintiff's class action allegations are barred in that if this action is certified as a class
18 | action, Ford's rights under the Fifth and Seventh Amendments to the United States Constitution
19 | would be violated.

### EIGHTH AFFIRMATIVE DEFENSE

21 | 8. The subject vehicles, as described in Plaintiff's complaint, were not in the same
22 | condition at the time of the event(s) and/or damages alleged in Plaintiff's Complaint as when they
23 | left the alleged custody of Ford and therefore, any recovery by Plaintiff is barred.

### NINTH AFFIRMATIVE DEFENSE

25 | 9. Any allegedly defective condition in the subject vehicles described in Plaintiff's
26 | Complaint developed as a result of any unforeseeable misuse, abuse, abnormal use, alterations,
27 | changes, modifications, or improper maintenance or repairs made to the vehicle after it left the

28 |

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

207114 V1

alleged possession and control of the manufacturer, by persons or entities over which Ford has no control, and therefore, any recovery by Plaintiff is barred.

## TENTH AFFIRMATIVE DEFENSE

10.     All acts of Ford at the time of manufacture, sale, or distribution of the subject vehicles as described in Plaintiff's Complaint, were in conformity with the state-of-the-art and were based upon the state of knowledge existing at the relevant time alleged in the complaint, and therefore, any recovery by Plaintiff is barred pursuant to the applicable statutes.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Ford is entitled to a set-off of monies previously awarded or collected by Plaintiff or the putative class members for the alleged damages to their vehicles.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff's claims are barred because at the time the products at issue in this litigation left Ford's control, they complied with applicable codes, standards, regulations, and specifications established, adopted, promulgated, or approved by the United States or by California law, or by any agency of the United States or California and industry standards. The products were reasonably fit, suitable, and safe for their intended purpose.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     If Plaintiff and/or the putative class members sustained damages as alleged in Plaintiff's complaint, which Ford specifically denies, the acts, omissions, negligence, fault, carelessness, assumption of risk, or other conduct of plaintiffs, class members, or others not named as parties for whose actions Ford is neither liable nor responsible, either precludes or diminishes any recovery.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff and/or the putative class members failed to notify Ford of any alleged breach of warranty within a reasonable time as required by the Uniform Commercial Code and, therefore, any recovery by plaintiff against Ford under a theory of warranty is barred.

//

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

207114 V1

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     Plaintiff's and/or the putative class members' claims are barred under the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiff's and/or the putative class members' claims are barred, in whole or in part, by the terms of any applicable express limited warranty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff's and/or the putative class members' claims are barred because the alleged damages sustained were not proximately caused by any act or omission by Ford.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's and/or the putative class members' claims are barred by reason of Plaintiff's failure to mitigate the alleged damages or losses.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff's and/or the putative class members' claims are barred, in whole or in part, because Ford's advertisements with respect to the subject vehicles were not false, misleading, or deceptive, and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     To the extent applicable, Plaintiff's breach of warranty claims are barred by a lack of privity between plaintiff and Ford and because Plaintiff and the putative class members failed to provide Ford with reasonable or adequate notice of the alleged breach of any such purported warranties.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's and/or the putative class members' claims may be barred in whole or in part by the operation of the Economic Loss Doctrine.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's complaint is defective for failure to join indispensable parties.

207114 V1

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.    If Plaintiff's and/or the putative class members' vehicle was damaged, those damages occurred because it was used for a purpose other than that for which it was intended, in a manner other than that in which it was intended to be used, and in disregard of instructions and directions regarding its use. Such misuse was not reasonably foreseeable to Ford.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.    Notwithstanding the claims and contentions of Plaintiff, Plaintiff received all or substantially all of the benefit from the subject products that plaintiff hoped and intended to receive, and, to that extent, any damages and/or restitution that plaintiff might be entitled to recover from Ford must be correspondingly reduced.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.    The "unfairness" prong of the Unfair Competition Law is so unclear, vague, indefinite, and uncertain that it violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution and the Due Process Clause of the California Constitution (art. I, § 7).

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.    To the extent Plaintiff asserts claims under the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.) based upon theories of common law tort, strict liability, or breach of warranty, such claims are barred. (*Klein v. Earth Elements, Inc.*, 59 Cal. App. 4th 965 (1997).)

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    The activities of Ford alleged in Plaintiff's Complaint are protected commercial speech under the United States and California Constitutions.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    Plaintiff has failed to plead her claims with sufficient particularity.

## TWENTY- NINTH AFFIRMATIVE DEFENSE

29.    Plaintiff and/or the putative class members lack standing to assert the claims alleged in the Complaint.

//

## THIRTIETH AFFIRMATIVE DEFENSE

30.    To the extent the Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Ford 's rights under the United States Constitution, the California Constitutions, and the constitutions of the other 49 states.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Plaintiff's claims fail to qualify as claims that can be brought as a class action because, among other things:

a)    Individual issues and questions of law and fact predominate over common questions of law and fact.

b)    There are no common questions of law or fact.

c)    Plaintiff's claims are not typical of the claims of the class members.

d)    Plaintiff will not adequately protect the interests of the class.

e)    A class action is not superior to other available methods for adjudication of the controversy.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    To the extent Plaintiff seeks to certify a class action based on alleged violations of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), Plaintiff has failed to satisfy the requirements set forth in Civil Code section 1781.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    Plaintiff is not entitled to an award of attorneys' fees.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    To the extent Plaintiff seeks damages based on alleged violations of the Consumer Legal Remedies Act, Ford has a complete defense because plaintiff failed to satisfy the prerequisites set forth in Civil Code section 1782.  More specifically, Plaintiff failed to provide proper and adequate notice of her intention to commence an action for damages under the Consumers Legal Remedies Act.

//

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

## THIRTY- FIVE AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred, in whole or in part, by the Commerce Clause of the United States Constitution because they purport to regulate interstate commerce and impermissibly place an undue burden on interstate commerce.

## THIRTY- SIX AFFIRMATIVE DEFENSE

36.    Plaintiff's vehicles complied with all applicable governmental regulations and industry standard and was consistent with the state of the art at the time of sale.

## THIRTY - SEVEN AFFIRMATIVE DEFENSE

37.    Some or all of Plaintiff's claims are impliedly preempted by the Motor Vehicle Safety Act, 48 U.S.C. § 30301, et seq., or by other federal statutes or regulations.

## THIRTY - EIGHT AFFIRMATIVE DEFENSE

38.    Ford intends to rely upon, reserves its right to assert, and hereby pleads such other and related defenses as may becomes available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than California.

/ /

/ /

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

## THIRTY - NINETH AFFIRMATIVE DEFENSE

39.     Ford gives notice that it intends to rely on other defenses that become available during discovery in this case and reserves the right to amend its answer to assert any such defense.

Wherefore, Defendant prays as follows:

1.     that Plaintiff take nothing by way of her Complaint;

2.     that Defendant be awarded costs of suit;

3.     that Defendant be awarded reasonable attorneys' fees; and

4.     for such other and further relief as the Court deems just and proper.

Date: May 12, 2011                                    Respectfully submitted,

                                                      SHOOK, HARDY & BACON L.L.P.

                                                      By:_____
                                                          AMIR NASSIHI
                                                          NAOKI KANEKO

                                                      Attorneys for Defendant
                                                      FORD MOTOR COMPANY

FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

207114 V1

## PROOF OF SERVICE VIA U.S. MAIL

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is One Montgomery, Suite 2700, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

### DEFENDANT FORD MOTOR COMPANY'S ANSWER TO COMPLAINT

on the interested parties named herein and in the manner indicated below:

| Attorneys for Parties |
| --- |
| Eric H. Gibbs, Esq.<br>Girard Gibbs LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94104<br>Tel: (415)981-4800<br>Fax: (415)981-4846<br>ATTORNEYS FOR PLAINTIFF |
| Michael F. Ram<br>Ram, Olson, Cereghino & Kopczynski LLP<br>555 Montgomery St., Suite 820<br>San Francisco, CA 94111<br>Tel: (415)433-4949<br>Fax: (415)433-7311<br>ATTORNEYS FOR PLAINTIFF |

 X   **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed above by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 12, 2011, at San Francisco, California.

_Sharon Teater_
Sharon Teater

148472 v2