UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENE EDWARDS, on behalf of herself and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY,<br><br>          Defendant. | Case No. 11CV1058 - MMA (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL**<br><br>[ECF No. 39] |

Currently before the Court is Plaintiff's Motion to Compel [ECF No. 39, "Pl.'s Mot."], Defendant's Opposition to the motion [ECF No. 46, "Def's Opp."], Plaintiff's Reply [ECF No. 49, "Pl.'s Reply"], and Defendant's Sur-Reply [ECF No. 54, "Def's Sur-Reply"]. For the reasons set forth below, the Court **GRANTS** Plaintiff's Motion to Compel.

## BACKGROUND

Plaintiff, who is suing under the Consumer Legal Remedies Act and Unfair Competition Law, filed a complaint in this matter which was removed to this Court on May 13, 2011. ECF No. 1-2 ("Compl."). In the complaint, Plaintiff alleges that her vehicle, a 2006 Ford Freestyle, "repeatedly surged forward and stalled while her foot was on the brake and she was bringing the vehicle to a stop." Id. at 5. Plaintiff further alleges that this type of problem with the Freestyle was widespread and the result of a safety defect in 2005-2007 Ford Freestyles and was known by Defendant but not disclosed to its customers. Id. According to Plaintiff, the surging and stalling problems in the Ford Freestyle are the result of a defective Electronic Throttle Control ("ETC"). Id. at 9. The ETC consists of an

1  electronic throttle body ("ETB"), powertrain control module, gas pedal assembly, sensors,
2  and associated wiring. Id. Plaintiff alleges that Defendant was aware of the defective ETC
3  system as early as April 2005 and that Defendant continued to sell the vehicles without
4  informing customers of the defect and related safety risks. Id.

5  **LEGAL STANDARD**

6  The Federal Rules of Civil Procedure generally allow for broad discovery, authorizing
7  parties to obtain discovery regarding "any nonprivileged matter that is relevant to any
8  party's claim or defense." Fed. R. Civ. P. 26(b)(1). Also, "[f]or good cause, the court may
9  order discovery of any matter relevant to the subject matter involved in the action." Id.
10 Relevant information for discovery purposes includes any information "reasonably calculated
11 to lead to the discovery of admissible evidence," and need not be admissible at trial to be
12 discoverable. Id. There is no requirement that the information sought directly relate to a
13 particular issue in the case. Rather, relevance encompasses any matter that "bears on" or
14 could reasonably lead to matter that could bear on, any issue that is or may be presented
15 in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). District courts
16 have broad discretion to determine relevancy for discovery purposes. See Hallett v. Morgan,
17 296 F.3d 732, 751 (9th Cir. 2002). Similarly, district courts have broad discretion to limit
18 discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be
19 obtained from some other source that is more convenient, less burdensome, or less
20 expensive." Fed. R. Civ. P. 26(b)(2)(C). Limits should be imposed where the burden or
21 expense outweighs the likely benefits. Id.

22 A party may request the production of any document within the scope of Rule 26(b).
23 Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that
24 inspection and related activities will be permitted as requested or state an objection to the
25 request, including the reasons." Id. at 34(b)(2)(B). The responding party is responsible for
26 all items in "the responding party's possession, custody, or control." Id. at 34(a)(1). Actual
27 possession, custody or control is not required. Rather, "[a] party may be ordered to
28 produce a document in the possession of a non-party entity if that party has a legal right

to obtain the document or has control over the entity who is in possession of the document. Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D.Cal. 1995).

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26. Soto, 162 F.R.D. at 610. Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of "clarifying, explaining, and supporting its objections." DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).

## DISCUSSION

Plaintiff seeks to compel Defendant to produce "each 8D, G8D, 14D, 6-Panel, or other reporting method, including drafts and unfinished or informal versions, that refers to the . . . Electronic Throttle Control in Class Vehicles."[1] Pl.'s Mot. at 3 & ECF No. 39-2, Exh. A at 7, Plaintiff's Second Set of RFPs. According to Plaintiff, the 8D, 14D and 6-Panel documents are "reporting methods" (also referred to as summaries or standardized reports) used by Defendant to gather information when vehicle-related problems arise. Pl.'s Mot. at 2. Plaintiff argues that the documents she seeks are relevant because they will provide information that will aid in determining if a defective ETC system caused the large number of surging and stalling incidents that have occurred, and when Defendant first learned about the defect. Pl.'s Reply at 4. Plaintiff further argues that Defendant's statements that it has "produced all summaries related to the Electronic Throttle Control to the extent they also pertain to unstable idle speed control" does not satisfy Plaintiff's request because it improperly limits the scope of the produced reports to those involving "unstable idle speed control" when the alleged surging and stalling may involve other issues or be described in other ways. Finally, Plaintiff contends that Defendant should not be excused from producing

---

[1] Plaintiff originally sought all such documents that refer to the transmission or Electronic Throttle Control but during the meet and confer process, Plaintiff limited the request to documents referencing the Electronic Throttle Control. Pl.'s Mot. at 3, n.1.

the requested discovery because the request is too burdensome because Defendant has failed to provide enough information to properly assess the burden. Id. at 8. Plaintiff asks that the Court overrule Defendant's objections and require Defendant to search for and produce all requested documents within thirty days. Id. at 11.

Defendant responds that Plaintiff's request is not relevant because "the discovery Plaintiff seeks simply does not relate to the claims she is asserting." Def's Opp. at 2. In support, Defendant argues that it has produced all of the reporting methods relating to the subject matter of the complaint and that refer to the ETC system. Id. at 8. Therefore, anything else that Plaintiff is seeking is an attempt to gain summaries of other issues that may have nothing to do with surging. Id. Defendant notes that it has consistently used the term "unstable idle speed" to describe the issue that is the subject of the litigation. Def's Sur-Reply at 2. Defendant further states that "Plaintiff has made no attempt to show that her request is related in any way to the 'surging' issue alleged" in the complaint. Def's Opp. at 9. Defendant also contends that Plaintiff's request is unduly burdensome. Id. Defendant requests that the Court deny Plaintiff's motion and award Defendant its expenses in opposing the motion. Id. at 11.

**A.   Relevance**

Contrary to Defendant's claim, Plaintiff's request seeks information directly related to the subject matter of the litigation and Plaintiff has satisfied her burden of establishing that her request meets the relevance requirement of Fed. R. Civ. P. 26. Plaintiff requests all "8D, G8D, 14D, and 6-Panel, or other reporting methods, including drafts and unfinished or informal versions, that refers to the . . . Electronic Throttle Control in Class Vehicles." ECF No. 39-2, Exh. A at 7, Plaintiff's Second Set of RFPs. Because Plaintiff alleges that her 2006 Ford Freestyle experienced surging and stalling that was corrected by replacing her ETB, which is part of the ETC, and because the class of plaintiffs in the case is defined as "All persons in California who own or leased a 2005-2007 Ford Freestyle, and all persons in California who previously owned or lease a 2005-2007 Ford Freestyle and paid for repairs to the vehicle's Electronic Throttle Control," the requested documents are relevant to

Plaintiff's allegations. Compl. at 5 & 9-10.

**B.    Burden**

The discovery that Plaintiff seeks is relevant and is not "unreasonably cumulative or duplicative" and cannot "be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Thus, the burden is on Defendant to demonstrate that the discovery should be prohibited. Pham v. Wal-Mart Stores, Inc., 2011 WL 5508832, *3 (D.Nev. Nov. 09, 2011) (citing Residential Constructors, LLC v. Ace Prop. and Cas. Ins. Co., 2006 WL 3149362, *9 (D.Nev. Nov. 1, 2006)). In order to satisfy this burden, Defendant "must provide sufficient detail regarding the time, money and procedures required to produce the requested documents." Id. The fact that production of documents will be time consuming and expensive is not ordinarily a sufficient reason to refuse to produce material if the requested material is relevant and necessary to the discovery of admissible evidence. Id. (citing In re Toys "R" Us–Delaware, Inc. Litigation, 2010 WL 4942645, *6 (C.D.Cal. July 29, 2010)).

Defendant has failed to satisfy its burden. Initially, Defendant acknowledges that its primary objection to Plaintiff's request is relevance, not burden. Def's Opp. at 2. However, in arguing that the requested production would be unduly burdensome, Defendant states that the requested documents are stored electronically and that "there is no electronic search mechanism that will allow Ford to locate all summaries that refer to a particular component in a particular vehicle program" making Plaintiff's broad request unmanageable. Def's Opp. at 10. Defendant claims that even if it limited the search to information maintained by the department responsible for the ETB, it would require Defendant to:

> (a) review the quality history for the ETB maintained by the ETB Technical Specialist; (b) determine whether additional information may be held by other current and former ETB team members; (c) identify documents and topics reasonably likely to refer to the ETB installed on Freestyle vehicles; and (d) conduct a search of Defendant's 8D and Six-Sigma databases and review those search results to confirm whether the documents or topics refer, in any way, to the ETB installed on the 2005-2007 Freestyle vehicles for any documents identified in subpart (c).

ECF No. 46-2 at 4, Exh. Hall Decl. at 3. Defendant estimates that such a search would take

"approximately 95-100 hours utilizing the time of 2 department supervisors, 1 technical specialist, 4 additional department team members and 3 employees that previously worked in the ETB department." Id. at 4. Defendant notes that this effort is limited to the ETB and does "not include information maintained by the departments responsible for other components, systems, software programs and calibration strategies that comprise the ETC system." Id.

Defendant's argument fails to establish an undue burden for several reasons. First, the fact that "there is no electronic search mechanism that will allow Ford to locate all summaries that refer to a particular component in a particular vehicle program" is insufficient to demonstrate an undue burden. Defendant cannot escape its obligation to provide relevant documents because it has chosen to store those documents in a way that makes it difficult for Defendant to search for them. See Pham, 2011 WL 5508832 at *3 (stating that "the fact that a responding party maintains records in different locations, utilizes a filing system that does not directly correspond to the subjects set forth in Plaintiffs' interrogatory, or that responsive documents might be voluminous does not suffice to sustain a claim of undue burden") (quoting Thomas v. Cate, 715 F.Supp.2d 1012, 1033–34 (E.D.Cal. 2010)).

Second, Defendant's estimations are based on a wider scope of documents than what Plaintiff is seeking and what this Court is ordering it to produce. The description of the work that Defendants would have to perform to satisfy Plaintiff's request is based on capturing *all* documents that refer to the ETB. ECF No. 46-2 at 4, Exh. Hall Decl. at 3. Plaintiff, however, is not seeking *all* documents that refer to the ETB. Pl.'s Reply at 10. Instead, Plaintiff only seeks to obtain Ford's standardized reports (such as the 8D, G8D, 14D, or 6-Panels) that refer to the ETC or its components. Id. at 9. Given this distinction, Defendant's burden is less than what it has estimated for the Court.

Finally, while Defendant provides some conclusory statements to justify its burden argument, Defendant fails to provide sufficient details to allow the Court to evaluate that argument. For example, Defendant does not provide an estimate of the number of

1 standardized reports that refer to the ETC for the Class Vehicles or whether any of the
2 responsive reports are not maintained in a computer database. Def's Opp. & Def's Sur-
3 Reply. Similarly, Defendant fails to adequately explain how or why it would take 95-100
4 hours and 10 people to search for the requested reports and how much of that time and
5 what number of employees are required to perform the necessary computer searches. ECF
6 No. 46-2 at 4, Exh. Hall Decl. at 3. Additionally, Defendant mentions that its 8D and Six-
7 Sigma documents are contained in a searchable database, but fails to state if the 14Ds and
8 other reports are also stored electronically in a searchable database or in some other
9 location. Id. Defendant goes on to explain that the search capabilities of its electronic
10 databases and systems is limited, but fails to provide any detail on those limitations or to
11 explain what searches could be performed. Since the Court has no information about the
12 extent of documents that are responsive to Plaintiff's request or how those documents are
13 organized and stored, it is impossible for the Court to evaluate Defendant's estimates with
14 regard to the number of hours and employees needed to respond to Plaintiff's request.
15 Thus, Defendant has not satisfied its burden of proving that a response would be unduly
16 burdensome.

## **CONCLUSION**

18 The Court finds that the information sought in Plaintiff's Request for Production No.
19 5 is relevant and calculated to lead to the discovery of admissible evidence. Accordingly,
20 Plaintiff's motion is **GRANTED** and Defendant is ordered to produce all 8D, G8D, 14D, and
21 6-Panel, or other standardized reports ("reporting methods"), including drafts and unfinished
22 or informal versions, that reference the Electronic Throttle Control in Class Vehicles.
23 Defendant is ordered to produced all responsive documents by **March 9, 2012**.

**IT IS SO ORDERED.**

DATED: February 17, 2012

BARBARA L. MAJOR
United States Magistrate Judge